*per art*

⑨
2-12-01
sc

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NOLAN BURLARK,                          :
                                        :
        Plaintiff                       :
                                        :
    v.                                  :        CIVIL NO. 1:CV-00-2170
                                        :
LYCOMING COUNTY PRISON, ET AL.,         :        (Judge Caldwell)
                                        :
        Defendants                      :

**FILED
HARRISBURG, PA**

**FEB 9 - 2001**

MARY E. D'ANDREA, CLERK
PER _____ DEPUTY CLERK

<u>ORDER</u>

## Background

    Plaintiff Nolan Burlark, an inmate at Lycoming County Prison,

Williamsport, Pennsylvania, filed this civil rights action under 42

U.S.C. § 1983.  He has filed a motion for appointment of counsel.

    Although prisoners have no constitutional or statutory right

to appointment of counsel in a civil case, the court does have

broad discretionary power to appoint counsel under 28 U.S.C.

§ 1915(e)(1).  <u>Tabron v. Grace</u>, 6 F.3d 147, 153 (3d Cir. 1993),

<u>cert.</u> <u>denied</u>, 510 U.S. 1196 (1994); <u>Ray v. Robinson</u>, 640 F.2d 474,

477 (3d Cir. 1981).  The Third Circuit has stated that appointment

of counsel for an indigent litigant should be made when

circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

Burlark's motion fails to set forth sufficient special circumstances or factors that would warrant appointment of counsel. Tabron, supra, 6 F.3d at 155-56. In the pleadings submitted by plaintiff to date, he has demonstrated that he is capable of presenting comprehensible arguments. Furthermore, this court's liberal construction of pro se pleadings, Haines v. Kerner, 404 U.S. 519 (1972), coupled with plaintiff's apparent ability to litigate this action pro se, mitigate against the appointment of counsel. Moreover, the legal issues are relatively uncomplicated, and the court cannot say, at least at this point, that Burlark will suffer substantial prejudice if he is forced to prosecute this case on his own.

It is also important to consider the effort made to retain an attorney before asking the court to appoint one. See Tabron, supra, 6 F.3d at 157 n.5. Burlark does not indicate he attempted to obtain counsel on his own before asking the court to do it for

2

him.

Therefore, Burlark's motion for appointment of counsel will be denied.  In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either <u>sua sponte</u> or upon a motion properly filed by the plaintiff.

AND NOW, this 9th    day of ~~January~~ February, 2001, it is ordered that the Plaintiff's motion for appointment of counsel (Doc. 7) is denied.


WILLIAM W. CALDWELL
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

February 9, 2001

Re:  1:00-cv-02170    Burlark v. Lycoming Cty Pris.

True and correct copies of the attached were mailed by the clerk
to the following:

> Nolan Burlark
> CTY-LYCOMING
> MN-41886
> 277 W. Third Street
> Williamsport, PA  17701
>
> Robin Reed, Esq.
> McNerney, Page, Vanderlin & Hall
> 433 Market St.
> P.O. Box 7
> Williamsport, PA  17703

```
cc:
Judge                      ( X )            ( ) Pro Se Law Clerk
Magistrate Judge           ( )             ( ) INS
U.S. Marshal               ( )             ( ) Jury Clerk
Probation                  ( )
U.S. Attorney              ( )
Atty. for Deft.            ( )
Defendant                  ( )
Warden                     ( )
Bureau of Prisons          ( )
Ct Reporter                ( )
Ctroom Deputy              ( )
Orig-Security              ( )
Federal Public Defender    ( )
Summons Issued             ( ) with N/C attached to complt. and served by:
                               U.S. Marshal ( )    Pltf's Attorney ( )
Standard Order 93-5        ( )
Order to Show Cause        ( ) with Petition attached & mailed certified mail
                               to: US Atty Gen   ( )  PA Atty Gen ( )
                                   DA of County  ( )  Respondents ( )

Bankruptcy Court           ( )
Other_____     ( )
```

MARY E. D'ANDREA, Clerk

DATE: _____ 2-9-01 _____          BY: _____
                                          Deputy Clerk