IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NOLAN BURLARK, :
Plaintiff :
vs. : CIVIL NO. 1:CV-00-2170
: (Judge Caldwell)
LYCOMING COUNTY PRISON, et al., :
Defendants :

FILED
JUL 18 2001
PER
HARRISBURG, PA. DEPUTY CLERK

O R D E R

THE BACKGROUND OF ... :

Nolan B... fined in the Lycoming County Priso... filed the captioned civil rights ... § 1983, alleging that prison offici... sary vegetarian diet from Plaintif... s. Along with his complaint, the ... ation requesting leave to proceed in ... § 1915. The defendants are ... Prison, Warden David Desmond, Kim Poorman, Kevin Deparlos, Tim Mahoney and Joyce Fairfax.

By Order dated January 11, 2001, the Court ordered service of the complaint on the named defendants. On March 30, 2001, the

---

[1] Upon investigation the Court has learned that Burlark was released from the Lycoming County Prison on July 9, 2001. Plaintiff's current whereabouts is unknown as he has not communicated with the Court since April 20, 2001, or advised the Court of his change of address.

Certified from the record
Date 7/18/01
Mary E. D'Andrea, Clerk
Per

Lycoming County defendants filed a motion to dismiss, along with a supporting brief. Burlark never filed a brief opposing the motion. On June 19, 2001, the Lycoming County defendants filed a motion to deem their motion to dismiss as unopposed. A supporting brief was filed the same day. To date, Burlark has not responded to either of Defendants' motions, or requested an enlargement of time to do so.

Following the initiation of this action, Burlark was provided with a copy of this Court's Standing Practice Order which provides in relevant part as follows:

> Local Rule 7.6 provides that the party against whom the motion and brief thereon is filed must file a brief in opposition to the moving party's motion, ..., within fifteen (15) days of the filing of the brief thereon. If he or she does not file his or her brief and other documentation within the same time frame, Local Rule 7.6 provides that he or she shall be deemed <u>not</u> to opposed the moving party's motion and the motion may therefore be granted.
>
> ....
>
> A <u>pro</u> <u>se</u> plaintiff has the affirmative obligation to keep the court informed of his address. Should such address change in the course of this litigation, the plaintiff shall immediately inform the court of such change, in writing. If the court is unable to communicate with the petitioner because the plaintiff has failed to notify the court of his address, the plaintiff will be deemed to have abandoned the lawsuit.

(Doc. 5, pp. 2 and 4) (emphasis added).

Pursuant to the Federal Rules of Civil Procedure 41(b), the Court may also dismiss an action, with prejudice, when a plaintiff

fails to prosecute or comply with a court order. Link v. Wabash Railroad Co., 370 U.S. 626, 629 (1962). In Link, the Supreme Court stated:

> The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in disposition of pending cases and to avoid congestion in the calendars of the District Courts. The power is of ancient origin, having its roots in judgment of nonsuit and non prosequitur entered at common law. . . It has been expressly recognized in Federal Rule of Civil Procedure 41(b)....

Id. at 629-30.

Although Burlark is pro se, he is not excused from following the orders of this Court or the Federal Rules of Civil Procedure. Pursuant to the above standards, it is clear there are multiple grounds to dismiss this case, with prejudice, at this moment without the need for a merits analysis. Burlark, ignoring all prompting by the defendants to respond to their motion to dismiss or suffer the consequence of having the Court grant it unopposed, has abdicated his responsibility in prosecuting the case he initiated.

Without any communication from Burlark, the Court is left to believe his failure to contest the defendants' motions is intentional. If Burlark was previously unaware of his obligation to respond to defendants' motion to dismiss, he was clearly placed on notice of this obligation when defendants filed their motion to

deem their motion to dismiss unopposed. Unquestionably, Burlark was on notice of the potential peril to his lawsuit and possible adverse consequences associated with his failure to respond, in some manner, to the defendants' motions.

Consequently Burlark's failure to either file a brief in opposition to defendants' dispositive motions, or otherwise communicate with the Court, indicates that he may have lost interest in prosecuting this lawsuit. Therefore, pursuant to Middle District Local Rule 7.6, the Lycoming County defendants' motion to deem their motion to dismiss as unopposed is granted. All other pending motions are deemed moot. An appropriate order will enter.

AND NOW, this 18th day of July, 2001, it is ordered that:

1. Pursuant to Middle District Local Rule 7.6, the Lycoming County Defendants' motion to deem their motion to dismiss unopposed (doc. 15) is granted. This action is hereby dismissed with prejudice.

2. All other pending motions in this case are denied as moot.

3. The Clerk of Court is directed to close this case.

4. Any appeal taken from this order will be deemed frivolous, without probable cause, and not taken in good faith.

WILLIAM W. CALDWELL
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

July 18, 2001

Re: 1:00-cv-02170 Burlark v. Lycoming Cty Pris.

True and correct copies of the attached were mailed by the clerk to the following:

Nolan Burlark
CTY-LYCOMING
MN-41886
277 W. Third Street
Williamsport, PA 17701

Robin Reed, Esq.
McNerney, Page, Vanderlin & Hall
433 Market St.
P.O. Box 7
Williamsport, PA 17703

Robin A. Read, Esq.
McNerney, Page, Vandelin & Hall
433 Market St.
PO Box 7
Williamsport, Pa 17703

cc:
Judge (✓)
Magistrate Judge ( )
U.S. Marshal ( )
Probation ( )
U.S. Attorney ( )
Atty. for Deft. ( )
Defendant ( )
Warden ( )
Bureau of Prisons ( )
Ct Reporter ( )
Ctroom Deputy ( )
Orig-Security (✓)
Federal Public Defender ( )
Summons Issued ( ) with N/C attached to complt. and served by:
U.S. Marshal ( ) Pltf's Attorney ( )
Standard Order 93-5 ( )
Order to Show Cause ( ) with Petition attached & mailed certified mail
to: US Atty Gen ( ) PA Atty Gen ( )

(✓) Pro Se Law Clerk
( ) INS
( ) Jury Clerk

DA of County ( ) Respondents ( )

Bankruptcy Court ( )
Other____________________ ( )

MARY E. D'ANDREA, Clerk

DATE: 7/18/01

BY: [signature]
Deputy Clerk